

225

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 23, 1939

Honorable Sam T. Holt
County Attorney
Panola County
Carthage, Texas

Dear Sir:

Opinion No. O-850
Re: What fee is the constable
of Precinct No. 1, Panola
County, allowed for serv-
ing a warrant of arrest
in a misdemeanor case?

Your request for an opinion on the above stated
question has been received by this office.

Your letter reads in part as follows:

"Please advise me what fee the constable
of Precinct No. 1, Panola County, Texas at
Carthage, Texas would be allowed for serving
a warrant of arrest in a misdemeanor case."

Article 1065 of the Code of Criminal Procedure
reads as follows:

"The following fees shall be allowed the
sheriff, or other peace officer performing the
same services in misdemeanor cases, to be tax-
ed against defendant on conviction:

1. For executing each warrant of arrest
or capias, or making arrests without warrants,
two dollars.

2. For summoning each witness, seventy-
five cents.

3. For serving any writ not otherwise
provided for, one dollar.

4. For taking and approving each bond,
and returning the same to the court house,
when necessary, one dollar and fifty cents.

5. For each commitment or release, one
dollar.

6. Jury fee, and each case where a jury is actually summoned, one dollar.

7. For attending a prisoner on habeas corpus, when such prisoner, upon a hearing, has been remanded to custody, or held to bail, for each day's attendance, four dollars.

8. For conveying a witness attached by him to any court out of his county, four dollars for each day or fractional part thereof, and his actual necessary expenses by the nearest practicable public conveyance, the amount to be stated by said officer, under oath and approved by the judge of the court from which the attachment issued.

9. For conveying a prisoner after conviction to the county jail, for each mile, going and coming, by the nearest practicable route by private conveyance, ten cents a mile, or by railway, seven and one-half cents a mile.

10. For conveying a prisoner arrested on a warrant or capias issued from another county to the court or jail of the county from which the process was issued, for each mile traveled going and coming, by the nearest practicable route, twelve and one-half cents.

11. For each mile he may be compelled to travel in executing criminal process and summoning or attaching witness, seven and one-half cents. For traveling in the service of process not otherwise provided for, the sum of seven and one-half cents for each mile going and returning. If two or more persons are mentioned in the same writ, or two or more writs in the same case, he shall charge only for the distance actually and necessarily traveled in the same."

To see from this statute that each fee is allowed for its specific service performed. This department has repeatedly held that a constable is entitled to a fee of two dollars for executing each warrant of arrest or capias, or making arrests without a warrant in a misdemeanor case to be taxed against the defendant on conviction.

You are respectfully advised that it is the opinion of this department that a constable is entitled to a fee of two dollars for executing a warrant of arrest in a misdemeanor case, such fee to be taxed against the defendant on conviction.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:jm

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN